UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

FILED

(Alexandria Division)

2015 APR 24  P 12: 19

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

MARY ESPIEG-KEET,                                  )
                                                   )
        Plaintiff,                                 )
                                                   )
v.                                                 )   C.A. # 1:15-cv- 539-LMB|MSN
                                                   )
EXPLOSIVE COUNTERMEASURES                          )
 INTERNATIONAL, INC.                               )
3151 Winchester Road                               )
Delaplane, VA 20144                                )
                                                   )
and                                                )
                                                   )
MEGAN KELLEY, President                      )
Explosive Countermeasures International, Inc.      )
3151 Winchester Road                               )
Delaplane, VA 20144,                               )
                                                   )
        Defendants.                                )

## COMPLAINT

### Preliminary And Jurisdictional Statement

1.  This is a lawsuit brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201

*et seq.,* for hundreds of hours of overtime work performed without overtime pay.  This court has

jurisdiction under 28 U.S.C. §1331.

### Parties

2.  Plaintiff Mary Espieg-Keet is a full-time employee of defendant Explosives

Countermeasures International, Inc. ("ECI"), a company that provides explosives detection

services to a number of institutions including several agencies and departments of the federal

government.  Ms. Espieg-Keet works as a dog handler, explosives detection specialist and trainer at a number of these sites.  Between August 2013 and the present she has worked as an ECI employee at various sites in the greater Washington metropolitan area pursuant to ECI contracts that provide security and explosives detection services at these locations.

3.  Defendant ECI is a Virginia corporation with its principal place of business in Delaplane, Virginia.  ECI is Ms. Espieg-Keet's employer and is subject to FLSA coverage by reason of its status as an "enterprise" and by reason of the fact that its employees handle instruments of interstate commerce or handle goods or products that have moved in interstate commerce.

4.  Defendant Megan Kelley is the President and Managing Director of ECI.  She is for her personal role in assigning and overseeing the number of hours Ms. Espieg-Keet worked on a weekly basis, and in overseeing, preparing and approving Ms. Espieg-Keet's compensation that did not include overtime for those weeks in which Ms. Espieg-Keet worked more than forty (40) hours.

Claim For Relief

5.  Mary Espieg-Keet is a certified dog handler with years of military training and service managing dogs in various security activities, including explosives detection.  As an experienced explosives detection specialist, she has logged thousands of hours working in the field with a trained service dog to inspect containers, vehicles, packages and other items for dangerous materials, including explosives.  This dog-handling work, constituting the vast majority of Ms. Espieg-Keet's work for ECI, is unexempt work under the FLSA.

-2-

6. In or about March 2000 Ms. Espieg-Keet began working for ECI as a dog handler/explosives detection specialist on a part-time basis. In or about December 2003 she began working as a full-time employee performing these tasks and providing training for dogs and handlers at various sites, including federal facilities, where ECI maintained contracts to provide these services.

7. Due to the limited number of handlers employed by ECI and the number of contract sites where an explosives detector dog team is required to be present, ECI's president and Managing Partner, defendant Kelley, has routinely instructed Ms. Espieg-Keet to work various sites during the course of a week in excess of forty hours per week. In addition to her own weekly schedule, Ms. Espieg-Keet has been assigned to cover the shifts of other handlers who are sick or otherwise unavailable for work. In addition to this field work, she has been given other administrative duties to discharge.

8. By reason of her work responsibilities, Ms. Espieg-Keet was non-exempt under the FLSA and thus entititled to overtime pay for her work in excess of a 40-hour work week.

9. At all relevant times, Ms. Espieg-Keet was paid every two weeks in the amount of $3,682.69. This reflects a regular hourly rate of $ 46 for purposes of the FLSA.

10. Between August 3, 2013 and the present, Ms. Espieg-Keet routinely logged more than forty work hours of work per week, on occasion working more than 120 hours in a two-week period. She did not receive overtime pay when she worked in excess of a forty-hour work week.

11. In addition to her logged hours, Ms. Espieg-Keet has 24-hour responsibility for the ECI dog assigned to her. She has sole responsibility for her canine partner who is required to live with her. She feeds it, grooms it, and attends to its needs. Ms. Espieg-Keet is not compensated for this time, which requires approximately 45 minutes/day or 5.25 hours/week. She is entitled to overtime pay for these hours as well.

12. At all times relevant to this action, ECI and its managing partner and president, Megan Kelley, had knowledge of the relevant requirements of the FLSA, including the obligation to pay overtime to its employees, as evidence by its Administrative Manual which acknowledges that non-exempt employees are eligible for overtime in accordance with federal and state wage-hour laws.

13. The actions of ECI and Megan Kelley in refusing to pay overtime to Ms. Espieg-Keet and refusing to include as compensable time her hours spent in the off-site care of her canine partner were deliberate and willful, and accomplished in knowing violation of Ms. Espieg-Keet's rights.

14. By their actions set forth above, the defendants have violated Ms. Espieg-Keet's rights under the FLSA, 29 U.S.C. § 201, *et seq.* to receive compensation for all hours worked in excess of a forty-hour work week.

Wherefore, Ms. Espieg-Keet requests an order of this court granting her:

*        On her forthcoming motion, expedited discovery of the names and addresses of all non-management employees of ECI for purposes of having them receive notice of the pendency of this lawsuit and an opportunity to opt into the lawsuit should they see fit to do so,

* Her overtime pay and liquidated damages in an equal amount, as permitted by the

  FLSA, 29 U.S.C. § 216(b), in amounts appropriate the proof at trial,

* An award of her costs and attorneys fees, and

* Such other relief as is just.

Ms. Espieg-Keet requests trial by jury.

Respectfully submitted,

MARY ESPIEG-KEET,<br>By counsel

Dated: April 24, 2015

Counsel for Plaintiff:

Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 South Columbus Street
Alexandria, VA 22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com
EspiegKeetMary\Pleadings\Complaint