UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| MARY ESPIEG-KEET, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) C.A. # 1:15-cv-539 (LMB/MSN) |
| | ) |
| EXPLOSIVE COUNTERMEASURES | ) |
|  INTERNATIONAL, INC.  , | ) |
| 3151 Winchester Road | ) |
| Delaplane, VA 20144 | ) |
| | ) |
| and | ) |
| | ) |
| MEGAN KELLEY, President | ) |
| Explosive Countermeasures International, Inc. | ) |
| 3151 Winchester Road | ) |
| Delaplane, VA 20144, | ) |
| | ) |
|    Defendants. | ) |

AMENDED COMPLAINT

Preliminary And Jurisdictional Statement

1. This is a lawsuit brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, for hundreds of hours of overtime work performed without overtime pay, and for retaliatory termination. This court has jurisdiction under 28 U.S.C. §1331.

Parties

2. Until May 1, 2015, Plaintiff Mary Espieg-Keet was a full-time employee of defendant Explosives Countermeasures International, Inc. ("ECI"), a company that provides explosives detection services to a number of institutions including several agencies and departments of the

federal government. Ms. Espieg-Keet worked as a dog handler, explosives detection specialist and trainer at a number of these sites. Between August 2013 and the present she worked as an ECI employee at various sites in the greater Washington metropolitan area pursuant to ECI contracts that provide security and explosives detection services at these locations.

3. Defendant ECI is a Virginia corporation with its principal place of business in Delaplane, Virginia. ECI was Ms. Espieg-Keet's employer. It is subject to FLSA coverage by reason of its status as an "enterprise" and by reason of the fact that its employees handle instruments of interstate commerce or handle goods or products that have moved in interstate commerce.

4. Defendant Megan Kelley is the President and Managing Director of ECI. She is sued for her personal role in assigning and overseeing the number of hours Ms. Espieg-Keet worked on a weekly basis and then in overseeing, preparing and approving Ms. Espieg-Keet's compensation that did not include overtime for those weeks in which Ms. Espieg-Keet worked more than forty (40) hours; and for firing Ms. Espieg-Keet in retaliation for the filing of this lawsuit.

Claim For Relief

5. Mary Espieg-Keet is a certified dog handler with years of military training and service managing dogs in various security activities, including explosives detection. As an experienced explosives detection specialist, she has logged thousands of hours working in the field with a trained service dog to inspect containers, vehicles, packages and other items for dangerous materials, including explosives. This dog-handling work, constituting the vast majority of Ms. Espieg-Keet's work for ECI, was unexempt work under the FLSA.

6. In or about March 2000 Ms. Espieg-Keet began working for ECI as a dog handler/explosives detection specialist on a part-time basis. In or about December 2003 she began working as a full-time employee performing these tasks and providing training for dogs and handlers at various sites, including federal facilities, where ECI maintained contracts to provide these services.

7. Due to the limited number of handlers employed by ECI and the number of contract sites where an explosives detector dog team was required to be present, ECI's president and Managing Partner, defendant Kelley, routinely instructed Ms. Espieg-Keet to work various sites during the course of a week in excess of forty hours per week. In addition to her own weekly schedule, Ms. Espieg-Keet was assigned to cover the shifts of other handlers who were sick or otherwise unavailable for work. In addition to this field work, she was given other administrative duties to discharge.

8. By reason of her work responsibilities, Ms. Espieg-Keet was non-exempt under the FLSA and thus entititled to overtime pay for her work in excess of a 40-hour work week.

9. At all relevant times, Ms. Espieg-Keet was paid every two weeks in the amount of $3,682.69. This reflected a regular hourly rate of $ 46 for purposes of the FLSA.

10. Between August 3, 2013 and April 24, 2015, Ms. Espieg-Keet routinely logged more than forty work hours of work per week, on occasion working more than 120 hours in a two-week period. She did not receive overtime pay when she worked in excess of a forty-hour work week.

11. In addition to her logged hours, Ms. Espieg-Keet had 24-hour responsibility for the ECI dog assigned to her. She had sole responsibility for her canine partner who was required to

live with her. She fed it, groomed it, and attended to its needs. Ms. Espieg-Keet was not compensated for this time, which required approximately 45 minutes/day or 5.25 hours/week. She was entitled to overtime pay for these hours as well.

12. At all times relevant to this action, ECI and its managing partner and president, Megan Kelley, had knowledge of the relevant requirements of the FLSA, including the obligation to pay overtime to its employees, as evidence by its Administrative Manual which acknowledges that non-exempt employees are eligible for overtime in accordance with federal and state wage-hour laws. They also knew that it was unlawful to fire an employee in retaliation for filing a claim for overtime pay under the FLSA.

13. On April 24, 2015, Ms. Espieg-Keet filed the initial complaint in this lawsuit, charging ECI and Megan Kelley with violations of the FLSA by reason of non-payment of overtime pay.

14. On May 1, 2015, defendants fired Ms. Espieg-Keet.

15. The reasons given for Ms. Espieg-Keet's termination are pretextual and serve to obscure defendants' intent to punish her for having filed her FLSA action against them.

16. The actions of ECI and Megan Kelley in refusing to pay overtime to Ms. Espieg-Keet and refusing to include as compensable time her hours spent in the off-site care of her canine partner, and thereafter in firing her in retaliation for her filing an overtime pay claim, were deliberate and willful, and accomplished in knowing violation of Ms. Espieg-Keet's rights.

<u>Causes of Action</u>

Count I: <u>Denial of Overtime Pay</u>

17.  By their actions set forth above, the defendants violated Ms. Espieg-Keet's right under the FLSA, 29 U.S.C. § 201, *et seq*. to receive overtime compensation for all hours worked in excess of a forty-hour work week.

Count II: <u>Retaliatory Termination</u>

18.  By their actions set forth above, defendants violated Ms. Espieg-Keet's right under 29 U.S.C. §215(a)(3), to vindicate her rights under the FLSA without retaliation.

Wherefore, Ms. Espieg-Keet requests an order of this court granting her:

* On her forthcoming motion, expedited discovery of the names and addresses of all non-management employees of ECI for purposes of having them receive notice of the pendency of this lawsuit and an opportunity to opt into the lawsuit should they see fit to do so,

* Her overtime pay and liquidated damages in an equal amount, as permitted by the FLSA, 29 U.S.C. § 216(b), in amounts appropriate the proof at trial,

* Reinstatement, back-pay and front pay appropriate to the proof at trial,

* An award of her costs and attorneys fees, and

* Such other relief as is just.

Ms. Espieg-Keet requests trial by jury.

                                              Respectfully submitted,

                                              MARY ESPIEG-KEET,
                                               By counsel

Dated: May 1, 2015

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 South Columbus Street
Alexandria, VA 22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com
**EspiegKeetMary\Pleadings\AmendedComplaint**