# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Mary Espieg-Keet ("Plaintiff"), an individual, on the one hand, and Explosive Countermeasures International, Inc. ("ECI" or the "Company") and Megan Kelley (collectively "Defendants"), on the other hand. Plaintiff and Defendants are referred to herein as the "Parties."

WHEREAS, Plaintiff has instituted an action against Defendants on or about April 24, 2015, which is now pending as Civil Action No. 1:15-cv-539 (the "Action"), in the United States District Court for the Eastern District of Virginia, wherein Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 215(a)(3), by failing to pay her overtime for hours worked in excess of forty hours per week and by retaliating against her; and

WHEREAS, Defendants have filed an answer to Plaintiff's Amended Complaint, in which they deny liability with regard to the allegations made against them; and

WHEREAS, the Parties desire to settle and resolve any and all claims asserted in the Action and other claims set forth below;

NOW THEREFORE, in consideration of the mutual promises and releases contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff and Defendants agree as follows:

1. **Settlement Amount.** Subject to Plaintiff's execution of this Agreement, Defendants agree to pay Plaintiff the total amount of $37,000 (the "Settlement Amount"), which shall be paid as follows:

   a. Plaintiff will forward to Defendants c/o Steven W. Ray, Esq., Isler Dare, P.C., 1945 Old Gallows Road, Suite 650, Vienna, VA 22182: (i) two copies of this Agreement; (ii) an IRS Form W-4 executed by Plaintiff; (iii) an IRS Form W-9 executed by Plaintiff; (iv) an IRS Form W-9 executed by Plaintiff's Counsel, Victor Glasberg, Esq. and (v) a signed copy of the letter attached hereto as Exhibit A. **A facsimile or scanned copy shall be as valid as an original.**

   b. Within ten (10) business days following entry of an order by the court in the Action approving the terms of this Settlement Agreement and receipt by Defendants of the executed originals of this Agreement, Defendants will deliver to Plaintiff, c/o Victor M. Glasberg & Associates, 121 Columbus Street, Alexandria, VA 22314: (i) an original of this Agreement executed by

Page 1 of 8



Defendants; and (ii) the following amounts, the sum of which represents the total settlement amount:

i. *Unpaid Wages Amount.* A check made payable to Plaintiff in the amount of $11,500, less required withholding, which amount constitutes settlement of Plaintiff's claims for unpaid overtime compensation, as well as any other back wages Plaintiff claims is owed to her by Defendants (the "Unpaid Wages Amount"). The Unpaid Wages Amount includes compensation for the daily care of Plaintiff's canine companion, at 30 minutes per day. The Unpaid Wages Amount is subject to reporting to the IRS on a Form W-2. It is expressly agreed that Plaintiff will complete an IRS Form W-4 and will provide such form to Defendants for purposes of issuing a Form W-2.

ii. *Liquidated Damages Amount.* A check made payable to Plaintiff in the amount of $11,500, which amount constitutes settlement of Plaintiff's claims for liquidated damages (the "Liquidated Damages Amount"). The Liquidated Damages Amount is subject to reporting to the IRS on a Form 1099. It is expressly agreed that Plaintiff will complete a Federal Form W-9 and will provide such form to Defendants for purposes of issuing the Form 1099.

iii. *Costs and Attorneys' Fees.* A check made payable to Mr. Glasberg in the amount of $14,000, which amount constitutes settlement of Plaintiff's claims for costs and attorneys' fees ("Costs and Fees"). The Costs and Fees are subject to reporting to the IRS on a Form 1099 issued to Mr. Glasberg and Plaintiff. It is expressly agreed that Mr. Glasberg will complete a Federal Form W-9 and will provide such form to Defendants for purposes of issuing the Form 1099.

iv. *Return of Canine.* The Parties have agreed that Plaintiff will be entitled to the return of "Mac," her canine companion used during her employment with ECI, on the condition that Mac not be used as an Explosive Detection Dog in the future as reflected in Exhibit A. The Parties have determined, for purposes of this settlement, that Mac's value is $13,000 ("Canine Value"). Defendants agree to the return of Mac within three days of the complete execution of this agreement, at a mutually convenient time and location. In the event Mac is returned prior to the court's approval of this Settlement Agreement, Plaintiff agrees to act in the capacity of a bailor of Mac and will

Page 2 of 8



take all reasonable measures to ensure that his potential and abilities are not diminished and will be treated as a pet, including, but not limited to, not using any electronic shock collar devices or physical discipline, and will not conduct training of any kind, including but not limited to positive reinforcement for sitting at random times, pushing boxes and items around, or pawing items and that if the court does not approve the settlement or Plaintiff otherwise fails to comply with the terms of this Settlement Agreement, Plaintiff will return Mac to the possession of ECI within 5 calendar days upon request from ECI. If Plaintiff fails to satisfy the conditions stated above with respect to her bailment of Mac, Plaintiff will pay Defendant the Canine Value.

c. Plaintiff acknowledges and agrees that she shall be responsible for payment of any additional taxes payable by her related to the Settlement Amount paid to her by Defendants, and further agrees to indemnify Defendants from any and all claims, interest, or penalties that might be assessed against Defendants as a result of Plaintiff's failure to properly pay taxes on such amounts.

2. **General Release of Claims.** In further consideration for the Parties' agreement as set forth in Paragraph 1, which Plaintiff acknowledges constitutes good and valuable consideration, she does, for herself, and her heirs, executors, assigns, and administrators, remise, release and forever discharge Megan Kelley and ECI, ECI's affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors, and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and the trustees, administrators, fiduciaries, and insurers of such plans and programs (collectively the "Released Parties"), from any and all claims Plaintiff has made or might have made against the Released Parties of whatever nature, known or unknown, including those that arose out of her employment with or separation of employment from Defendants, prior to and including the date of this Agreement. This release of claims includes, but is not limited to, all claims alleged in the Action or that might have been alleged in the Action against the Released Parties arising under contract, tort, or statute and any claims for wages, benefits, discrimination, constructive or other wrongful discharge, public policy violations, damages, fees, and reinstatement or reemployment including, without limitation, claims for payment of wages or retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq., or any other federal, state, or local civil, employment, labor, wage and

hour, or human rights laws.

Nothing in this Agreement shall be construed as prohibiting Plaintiff from participating in any investigation or proceeding conducted by the EEOC or by a comparable state or local human rights agency. Notwithstanding the foregoing, by signing this Agreement, Plaintiff is agreeing to waive Plaintiff's right to recover monetary damages or other relief, including reinstatement to employment, associated with any charge, complaint, or lawsuit filed with such agency.

3. **Waiver of Claims Under the Age Discrimination in Employment Act.** Plaintiff recognizes that, in signing this Agreement, Plaintiff is waiving her right to pursue any and all claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 626 et seq. ("ADEA") arising prior to the date that Plaintiff executes this Agreement. Plaintiff understands that she may take twenty-one (21) days from the date this Agreement is presented to Plaintiff to consider whether to execute this Agreement. Any modification or change to this Agreement will not restart the 21-day consideration period. Plaintiff is advised that she may wish to consult with an attorney prior to execution of this Agreement. Once Plaintiff has executed this Agreement, Plaintiff may revoke the Agreement at any time during the seven (7) day period following Plaintiff's execution of the Agreement in writing directed to Defendants' counsel. After seven (7) days have passed following Plaintiff's execution of this Agreement, Plaintiff's execution of this Agreement shall be final and irrevocable.

4. **No Admission.** The Parties agree that this Agreement is made solely to resolve disputes, and there is no admission of fault by either Party of any liability or of any contention or allegation made by any other Party.

5. **Dismissal of Action and Representation of No Pending Claims.** Upon receipt of the Settlement Amount, Plaintiff shall hold such monies and shall not spend such monies until such time as the Parties have filed with the Court a Joint Stipulation of Dismissal with Prejudice thereby dismissing the Action with prejudice. A copy of the Joint Dismissal is attached as Exhibit B. It is expressly recognized by the Parties that the dismissal of the Action is a material term of this Agreement. Plaintiff further represents that Plaintiff has not filed any other claims, complaints, or inquiries pending with any federal, state, or local court or agency against Defendants. To the extent any lawsuits, complaints, or administrative actions are pending other than those identified above, Plaintiff will take all steps required to have such matters dismissed with prejudice on an expedited basis. Plaintiff understands that this requirement is a material term of this Agreement and a condition of payment of



the Settlement Amount.

6. **Mutual Non-disparagement.**

   a. Plaintiff covenants and agrees that Plaintiff will not at any time, directly, indirectly or through any entity in which Plaintiff is an officer, director, employee, consultant, or shareholder, either orally, in writing, or through any medium (including, but not limited to, television or radio, newspapers, magazines, computer networks or bulletin boards, or any other form of communication), disparage, defame, impugn, or otherwise damage or assail the reputation, integrity or professionalism of Megan Kelley, ECI, or any officer, director, employee, agent or representative of ECI, *provided, however*, nothing herein shall preclude Plaintiff from testifying truthfully pursuant to a lawfully issued subpoena or from truthfully responding to or participating in any government inquiry.

   b. Defendants covenant and agree that no ECI employee, agent, or representative who is aware of this Agreement will at any time, directly or indirectly, orally, in writing or through any medium (including, but not limited to, television or radio, newspapers, newsletters, magazines, circulars, computer networks or bulletin boards, or any other form of communication) disparage, defame, impugn, or otherwise damage or assail the reputation, integrity, or professionalism of Plaintiff, *provided, however*, nothing herein shall preclude the Company from testifying truthfully pursuant to a lawfully issued subpoena or from truthfully responding to or participating in any government inquiry.

7. **Governing Law.** This Agreement shall be governed by and subject to the laws of the Commonwealth of Virginia without regard to its choice of law principles.

8. **Severability.** In the event that one or more of the provisions of this Agreement shall for any reason be held to be illegal or unenforceable, this Agreement shall be revised only to the extent necessary to make such provision(s) legal and enforceable.

9. **Entire Agreement.** This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions, and cannot be modified except in writing, signed by the Parties. The drafting of this Agreement shall be deemed a mutual endeavor by all Parties, and shall not be construed against any single Party as the drafter.

Page 5 of 8

10. **Acknowledgment of Wages.** Plaintiff agrees that payment of the Settlement Amount described in this Agreement represents the full payment of all unpaid regular wages, unpaid overtime, unpaid minimum wage, liquidated damages, attorneys' fees and costs, and interest, owing to her by the Released Parties and Plaintiff hereby waives her right to monetary or other recovery should any federal, state or local administrative agency pursue any claims on her behalf arising out of and/or relating to her employment with Defendants.

11. **Costs and Fees.** Except as explicitly set forth in this Agreement, each Party shall bear their own costs and attorneys' fees incurred in connection with this Agreement and the Action.

12. **Captions.** Any captions to the paragraphs of this Agreement are solely for the convenience of the Parties; neither they nor the title to this Agreement are to be construed in any way as modifying the provisions themselves.

13. **Execution and Counterparts.** This Agreement may be executed in multiple counterparts and each such counterpart shall be deemed an original of this Agreement. Signatures provided by facsimile or electronic transmission shall be deemed original signatures and shall be valid and binding in all respects.

The Parties acknowledge that they have read the foregoing Agreement, understand its contents, and have consulted with and had the benefit of legal counsel, and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.



**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES COMPLETE RELEASES BY ALL PARTIES OF ALL KNOWN AND UNKNOWN CLAIMS.**

MARY ESPIEG-KEET

_____ 7 Aug 15
Plaintiff          Date

EXPLOSIVE COUNTERMEASURES INTERNATIONAL, INC.

By: _____ 9 Aug 15
                                 Date

Title: President

MEGAN KELLEY

_____
Megan Kelley                    Date

# EXHIBIT A

 **EXPLOSIVE COUNTERMEASURES INTERNATIONAL, INC.**
3151 WINCHESTER ROAD ● DELAPLANE ● VIRGINIA ● 20144

July 30, 2015

M̶a̶r̶k̶M̶a̶r̶y̶M̶a̶r̶y̶E̶s̶p̶M̶a̶r̶y̶E̶s̶p̶E̶s̶E̶a̶qAssociates

Mac is officially considered retired effective August 21, 2015. I will remove him from Explosive Countermeasures International, Inc.'s ("ECI") records effective that date.

Mac has been an essential component to the successful growth of ECI, has delivered exceptional service as an Explosive Detector Dog protecting and preventing harm to others, and has served as your dedicated partner. We have agreed that you are entitled to keep Mac, and therefore ECI is transferring ownership to you.

Mac is being given to you on the condition that he will no longer be used for explosive detection purposes in any way, shape, or form. Of course, all responsibility for his care will be yours.

Again, he is a great dog and has been a wonderful partner to the ECI family. Please sign and return this correspondence as required.

                                       Megan Kelley
                                       President
                                       Explosive Countermeasures
                                 International,
                                       Inc.

Acknowledged and agreed:

_Mary Espieg-Keet_     _7 Aug 15_
Mary Espieg-Keet)      Date



Page 8 of 8